**LUM CHONG, Plaintiff,**

v.

**P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.
Feb. 28, 1961.

Andrew Reiner, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, for defendant; Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

This is a motion by the District Director of Immigration for summary judgment. The action is one for a declaratory judgment that the Attorney General's denial of plaintiff's application to have created a record of lawful admission to this country for permanent residence under section 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259, was erroneous as a matter of law. Review of the administrative decision is sought pursuant to section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009.

Denial of plaintiff's application was made as a matter of law on the sole ground that he did not meet the requirement of continuous residence in the United States after his entry to the country prescribed by section 249(b). It was held that plaintiff's departure from the United States in March of 1946 as a crewman aboard a United States flag vessel making a round trip voyage to Europe broke the continuity of his residence in this country, without regard to the circumstances of the departure, because a warrant of deportation was outstanding against plaintiff at the time of the voyage.

The following facts are not in dispute on this motion. Plaintiff, a 49 year-old native and citizen of China, had a warrant of deportation issued against him on January 8, 1946, by virtue of his illegal entry into the country in or after February, 1929, as an immigrant not in possession of a valid immigration visa. The Government does not contend that plaintiff did not reside continuously in this country from the time of his entry until March 3, 1946 when he left the United States as a crewman signed for a round trip voyage for Europe on a vessel flying the United States flag. There is no evidence that the Government at the time of plaintiff's departure knew of the departure and verified it so that the warrant of deportation could be executed and the bond exonerated. Plaintiff returned to the country as a crewman on the same vessel some six weeks after his departure, without having disembarked on foreign soil, and was admitted as a nonimmigrant crewman for shore leave. After his return to the United States, plaintiff made various applications for relief from a sec-

ond deportation which were denied and are not in issue here.

In June, 1959, plaintiff made the application here in issue for the creation of a record of admission for permanent residence under section 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259. At his hearing on the application, plaintiff admitted that he had been absent from the United States between March of 1946 and the end of April of 1946. He further testified that when he left the country he was not aware that a deportation order had been entered against him or that he would not be allowed to return without permission. Plaintiff stated that he continued to pay rent on his New York apartment and maintained his bank account here during his absence from the country. Plaintiff, who can neither read nor write English, was afforded a hearing on the deportation charge, conducted through a Chinese interpreter, some three years prior to his departure from the country. He was not represented by counsel at the hearing or at any time until after his return to the country. Plaintiff presented no witnesses or documentary evidence in his own behalf at the deportation hearing and waived all exceptions to the findings and conclusions of the hearing officer.

Prior to the conclusion of the deportation hearing, plaintiff had been released under $1,000 bond from imprisonment under the warrant of arrest in the deportation proceedings. A letter dated January 30, 1946, was mailed to plaintiff to notify him that a warrant of deportation had been issued directing that he be deported to China. The letter was addressed to plaintiff "c/o Bat Fong, 47 Bayard Street, New York, N. Y." The street address was that of plaintiff's social club. Bat Fong was secretary of the club and had, in December, 1942, furnished the $1,000 bond for plaintiff's release from arrest in the deportation proceedings. Plaintiff testified at the hearing on the application here in issue that he did not receive the letter and stated that Bat Fong told him there would be no trouble if he left the country.

The District Director for the New York District of the Immigration and Naturalization Service denied plaintiff's application here in issue, and his determination was affirmed on appeal by the Regional Commissioner of the Service. Further leave to appeal the denial through administrative channels was refused.

Section 249 of the Immigration and Nationality Act, as amended in 1958, 8 U.S.C. § 1259, provides:

"*§ 1259.    Record of admission for permanent residence in the case of certain aliens who entered the United States prior to June 28, 1940.*

"A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 1182(a) of this title insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—

"(a) entered the United States prior to June 28, 1940;

"(b) has had his residence in the United States continuously since such entry;

"(c) is a person of good moral character; and

"(d) is not ineligible to citizenship."

Section 101(a) (33) of the Act, 8 U.S.C. § 1101(a) (33), defines the term "residence" as follows:

"The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. Residence shall be considered contin-

uous for the purposes of sections 1482 and 1484 of this title where there is a continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states or outside the United States."

The District Director relies on section 101(g) of the Immigration and Nationality Act which reads as follows:

"For the purposes of this chapter any alien ordered deported (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed."

Sit Jay Sing v. Nice, D.C.N.D.Cal., S. D., 182 F.Supp. 292, held that an alien subject to a deportation order, who departed as a crewman on a foreign voyage on a United States flag ship, thereby broke his "continuous residence" for the purposes of section 249. The only distinction between that case and this is that there the immigration authorities, at the time of departure, took note of the departure as executing the deportation warrant and that, presumably, the alien knew the effect of what he was doing, while here plaintiff had no intention of accomplishing his own deportation.

To hold that an alien who had been excluded by law from this country still had here an actual dwelling place in fact while he was out of the country would be nothing but judicial revolt against the legislative. On general principles of fair play one might say that, where the departure was voluntary and without intent to constitute the execution of the deportation order, the United States should be deemed to remain the alien's actual dwelling place in fact. Congress has expressly forbidden that course, however, by eliminating intent as a factor in determining the alien's "principal, actual dwelling place in fact".

Defendant's motion for summary judgment in his favor is granted.

Settle order on notice.