**Ivan MRVICA, Plaintiff,**

v.

**P. A. ESPERDY, District Director, Immigration & Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.
Feb. 20, 1962.

Edith Lowenstein, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel, for defendant.

METZNER, District Judge.

This action for a declaratory judgment came on to be heard on cross-mo-

tions for summary judgment. The action seeks a review of the Attorney General's denial of plaintiff's application to have created a record of lawful admission to this country for permanent residence under section 249 of the Immigration and Nationality Act (8 U.S.C.A. § 1259). Plaintiff claims that the refusal to grant his application was erroneous as a matter of law.

The action taken was predicated solely on the ground that plaintiff did not meet the requirement of continuous residence in the United States after his entry into the country as prescribed by section 249. The pertinent portions of section 249 read as follows:

> "A record of lawful admission for permanent residence may * * * be made in the case of any alien * * * if no such record is otherwise available and such alien shall satisfy the Attorney General that he * * * (b) has had his residence in the United States continuously since such entry;"

Plaintiff originally entered this country as a nonimmigrant crewman on January 21, 1940. He overstayed his shore leave and was ordered deported on September 4, 1942. The warrant of deportation provided:

> "If the alien returns to the United States from time to time and upon inspection is found to be a bona fide seaman and entitled to shore leave, except for prior deportation, admission under the 9th Proviso of Section 3 of the Act of February 5, 1917, in reference to this ground of inadmissibility is hereby authorized for such time as the alien may be admitted as a seaman."

On October 6, 1942 the plaintiff voluntarily left this country under the order of deportation, and a note was made in the files of the Immigration and Naturalization Service that the warrant of deportation was executed.

Sometime around the middle of December 1942 the vessel on which the plaintiff had shipped out returned to the United States, and plaintiff left the ship to seek medical care and never returned to the ship. Thereafter, on March 28, 1952, a hearing was held on his deportability, at which time he stated that when he came ashore in December of 1942 he did not intend to ship out again on that vessel. Rather, he intended to obtain a berth on an American vessel, and if he could not get one it was his intention to stay in this country. Subsequently, the plaintiff did not take advantage of different orders granting him voluntary departure and conditional voluntary departure, and finally an order of deportation was entered and the present application, pursuant to section 249, followed.

On this state of the record, this case is indistinguishable from Sit Jay Sing v. Nice, 182 F.Supp. 292 (N.D. Cal.1960), aff'd 287 F.2d 561 (9th Cir. 1961) and Lum Chong v. Esperdy, 191 F.Supp. 935 (S.D.N.Y.1961). These cases clearly hold that an alien subject to a deportation order who departs as a crewman on a foreign voyage thereby breaks his continuous residence for the purposes of section 249. In the Lum Chong case, as in the instant case, the plaintiff returned to this country as a crewman on the same vessel on which he departed, without having disembarked on foreign soil during the voyage.

I agree with the defendant that the granting of Ninth Proviso benefits to the plaintiff in the original order of deportation has no bearing on the disposition of this action. Even if this were to be considered, it only provided that the plaintiff be permitted shore leave in the future if he returned to this country as a bona fide seaman. This did not accord the plaintiff the right to re-enter for permanent residence and cannot be considered as a waiver of the requirement of continuous residence in section 249. Furthermore, by the plaintiff's own admission in his subsequent deportation hearing, he did not return to this country as a bona fide seaman, and therefore was

not eligible for the benefits of the Ninth Proviso.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. So ordered.