Ivan MRVICA, Plaintiff-Appellant,

v.

P. A. ESPERDY, District Director, Immigration & Naturalization Service, Defendant-Appellee.

No. 274, Docket 27553.

United States Court of Appeals
Second Circuit.

Argued March 14, 1963.
Decided May 14, 1963.

Edith Lowenstein, New York City, for plaintiff-appellant.

Roy Babitt, Sp. Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, on the brief), for defendant-appellee.

·Before MOORE, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Plaintiff, a native of what is now Yugoslavia, entered the United States as a non-immigrant crewman January 21, 1940 and resided continuously in the United States thereafter, except for the period from September 4, 1942 to October 6, 1942 when he was on a South American voyage in a Yugoslav vessel as a seaman, under order of deportation, with a permit for temporary re-entry as a seaman under the Ninth Proviso of Section 3 of the Act of February 5, 1917.[1] He was again ordered deported in 1952 and presently remains here under an administrative stay pending decision in another action, Dombrovskis v. Esperdy, 195 F.Supp. 488, S.D.N.Y.1961, appeal pending. He brought this action in the United States District Court for the Southern District of New York on June 21, 1960, under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., seeking to establish his eligibility for status as a permanent resident under Section 249 of the Immigration and Nationality Act (8 U.S.C. § 1259)[2] as one who had entered

---

1. The text of the Ninth Proviso follows:
"* * * *Provided further* [9] That the Commissioner of Immigration and Naturalization with the approval of the Attorney General shall issue rules and prescribe conditions, including exaction of such bonds as may be necessary, to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission * * *."

2. Sec. 249 (8 U.S.C. 1259) as amended:
"A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if

entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 212(a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—
"(a) entered the United States prior to June 28, 1940;
"(b) has had his residence in the United States continuously since such entry;
"(c) is a person of good moral character; and
"(d) is not ineligible to citizenship."

the United States prior to June 28, 1940, had resided here continuously since such entry, and was otherwise qualified. Plaintiff's motion for summary judgment was denied, defendant's granted, and the action dismissed by the District Court, Charles M. Metzner, District Judge, and plaintiff appeals. We find no error in the court's determination that the 1942 absence interrupted his continuous residence, within the meaning of the statutes, and we affirm.

 The issue is by no means as free from doubt as appellee would have us believe, since the language of § 249 speaks in terms of continuous "residence" defined as "place of general abode"; "principal, actual dwelling place in fact, without regard to intent", and it is strenuously and plausibly argued that a merchant ship at sea in a time of worldwide naval war is hardly to be considered in retrospect as having been a "place of general abode". But in determining the meaning of the section we may not ignore the statutory framework in which it exists. Section 101(g) (8 U.S.C. § 1101(g)) provided then as now that any alien ordered deported, who has left the United States, should be considered to have been deported pursuant to law. It is difficult to credit an intent to the Congress to hold a voyage not an interruption of continuous residence when it operated as a statutory deportation. We agree with the interpretation of the Attorney General in Matter of P, VIII I. & N. Dec. 167, 169 (Comm. 1958) that departure while under expulsion proceedings breaks the continuity of residence required by Section 249. Cf. Sit Jay Sing v. Nice, 182 F.Supp. 292 (N.D.Cal. 1960), aff'd 287 F.2d 561 (9 Cir., 1961); Lum Chong v. Esperdy, 191 F.Supp. 935 (S.D.N.Y.1961).

At the time of Mrvica's voyage in 1942, relief similar to that now provided by Section 249 (then provided to those who had been in the United States since 1924) was not granted to those subject to deportation. This limitation was, however, removed in 1958. No such exception, however, was made for those like Mrvica, whose deportation had actually occurred during the required period of continuous residence. The removal of the limitation does not affect Mrvica's continuity of residence.

We do not feel that forgiveness of illegal acts of entry before a cut off date necessitates a finding of an intent that illegal re-entry after the cut off date be also swept within the amnesty by interpreting the continuous residence requirement so that the deportation and illegal re-entry might be ignored. In short, we think Congress did not intend that two illegal periods of residence should be aggregated to make one continuous period. If the Congress should again move up the cut off date it would, of course, solve the problem of those in Mrvica's position, but that is not our province here. Judgment dismissing the complaint is affirmed.