Adolfe CARTELLONE, a.k.a. Joseph
Prince, Appellant,

v.

John M. LEHMANN, District Director
Immigration and Naturalization
Service, Appellee.

No. 13331.

United States Court of Appeals
Sixth Circuit.

April 29, 1958.

———◆———

Henry C. Lavine, Cleveland, Ohio, for appellant.

Russell E. Ake, Asst. U. S. Atty., Cleveland, Ohio (Sumner Canary, U. S. Atty., Russell E. Ake, Asst. U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal from an order of the United States District Court dismissing the petition of appellant to restrain execution of an order of deportation issued by the Attorney General under the provisions of the Immigration Laws of the United States. 8 U.S.C.A. § 1101 et seq. This United States Court of Appeals formerly reversed the dismissal by the United States District Court of an action to review the deportation order and held that, under the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., the order of deportation was subject to judicial review. Prince v. Commissioner of Immigration and Naturalization, 6 Cir., 1950, 185 F.2d 578.

A motion was filed in the Board of Immigration Appeals by the Assistant Commissioner to withdraw the order of deportation and reopen the proceedings. A hearing was had before a Special Inquiry Officer, who held that appellant had illegally reentered the United States from Canada in 1934 following an afternoon's visit at Crystal Beach, Ontario, Canada; and Cartellone was therefore ordered to be deported.

Complying with the authorization of the Administrative Procedure Act for review by the district court, an inquiry as to the fairness of the hearing before the Special Inquiry Officer and as to whether the order of the administrative agency was supported by reasonable, substantial and probative evidence was had in the United States District Court. United States District Judge Weick gave careful consideration to the issues involved and, in a well reasoned opinion [D.C.N.D. Ohio 1957, 148 F.Supp. 676, 681], held that the order of deportation was supported by substantial evidence. He, accordingly, dismissed the petition of appellant. Judge Weick stated: "If the result seems harsh, in view of petitioner's

long stay here, he has no one to blame but himself, for his behavior has certainly not been what this country had the right to expect of an alien living here at its sufferance."

Inasmuch as the district judge has written a careful and correct opinion, we find no occasion for a re-write of his views, in which we concur as to all consequential matters. The decision of the district court, is therefore, affirmed.