**CHAN WING CHEUNG, a.k.a. Bill Woo, Plaintiff, Appellant,**

v.

**Frank C. HAGERTY, Officer in Charge, U. S. Immigration and Naturalization Service, Providence, Rhode Island, Defendant, Appellee.**

**No. 5556.**

United States Court of Appeals First Circuit.

Heard Nov. 2, 1959.

Decided Nov. 19, 1959.

Thomas F. Vance, Jr., Providence, R. I., with whom E. Harold Dick, Providence, R. I., was on brief, for appellant.

Joseph Mainelli, U. S. Atty., Providence, R. I., with whom Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Petitioner, a Chinese national under order of deportation, brought this action in the district court seeking review of an order of the Board of Immigration Appeals dismissing his appeal from an order of a special inquiry officer which in effect held that petitioner is ineligible to apply to the Attorney General under section 244(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1254(a) (1958), for a discretionary suspension of deportation and adjustment of status. This section, in numbered paragraphs, establishes five categories of deportable aliens who are entitled to seek such relief. The district court dismissed the action. The facts are fully stated in

**904**

its opinion, 176 F.Supp. 421. The only question on this appeal is whether as matter of law petitioner could qualify under any paragraph of the statute. We agree that he could not.

In this court petitioner concedes that he has no claim under section 244(a) (2), which deals with aliens who are deportable solely for an act committed, or status existing, prior to or at the time of entry. Petitioner is being deported solely on the ground that his right to remain in this country expired in October, 1950, so that since then he has been a person who has remained longer in the United States than the period for which he was admitted. Although this status is specifically covered in section 244(a) (5), petitioner admittedly cannot qualify under paragraph (5) as a whole because he cannot satisfy its further requirement of ten years' residence. Accordingly, he claims under section 244(a) (3), which requires only five years' residence.

Paragraph (3) applies to an alien who is deportable for "an act committed or status acquired subsequent to such entry into the United States and [who] is not within the provisions of paragraph (4) or (5) of this subsection * * *" Paragraph (5), as already stated, expressly includes "remained longer" persons. Petitioner says, however, that he "is not within the provisions of paragraph (5)" because of his insufficient length of residence, so that, accordingly, he is not excluded from paragraph (3). In other words, he contends that a "remained longer" person whose residence exceeds ten years might apply under paragraph (5), but if his residence is less than ten years, but not less than five, he can apply under paragraph (3) for the same relief.

A rigid and literal reading of this rather cumbersome section seemingly supports petitioner's view, but we cannot attribute to Congress such an intention. On the contrary, careful examination of paragraphs (3) and (5) discloses that the sole reason for placing "remained longer" persons in paragraph (5) is to impose upon such persons a more lengthy residence requirement. Petitioner's construction would defeat the very purpose of the statute.

Judgment will enter affirming the judgment of the District Court.