**CHAN WING CHEUNG, a.k.a. Bill Woo, Plaintiff,**

v.

**James A. HAMILTON, Jr., District Director, U. S. Immigration & Naturalization Service, Boston, Massachusetts,**

and

**Frank C. Hagerty, Officer in Charge, U. S. Immigration & Naturalization Service, Providence, Rhode Island, Defendants.**

**Civ. A. No. 2769.**

United States District Court
D. Rhode Island.

Sept. 27, 1961.

Thomas F. Vance, Jr., Pawtucket, R. I., for plaintiff.

Raymond J. Pettine, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendants.

DAY, District Judge.

This is an action wherein the plaintiff seeks a review of an order by the defendant, James A. Hamilton, Jr., District Director, U. S. Immigration & Naturalization Service, denying his application for the creation of a record of his lawful admission for permanent residence under the provisions of section 249 [1] of the Immigration and Nationality Act of 1952 (hereinafter called "said Act"), 8 U.S. C.A. § 1259, as amended. Jurisdiction of this Court is based on the provisions of 28 U.S.C.A. § 2201 and 5 U.S.C.A. § 1009.

In his complaint the plaintiff alleges that he filed an application for the creation of a record of his lawful admission for permanent residence under the provisions of section 249 of said Act, 8 U.S. C.A. § 1259, as amended; that said application was denied, and that said decision was thereafter affirmed upon his appeal from such denial. He further alleges that the hearing upon said application was conducted improperly, that evidence outside the record was used to support denial of the application and that the denial thereof was an arbitrary and capricious abuse of the discretion of the Attorney General, his agents, servants and employees, contrary to the laws of the United States and regulations made thereunder. In his complaint he prays:

"(1) That a judgment be entered setting aside the administrative denial of the application for adjustment of status; (2) That this Court direct the defendants to grant the plaintiff's application for adjustment of his status; (3) That the defend-

ants be restrained from deporting or molesting the plaintiff pending the final determination of this action; (4) And such other and further relief be granted as to this Court shall seem meet in the premises."

A previous action wherein the plaintiff sought a review of said order and similar relief was dismissed by me on January 5, 1961 for want of an indispensable party. Chan Wing Cheung v. Hagerty, D.C.R.I.1961, 192 F.Supp. 452.

Plaintiff is presently subject to an outstanding order of deportation. Previous to the filing of the application herein involved he applied for suspension of deportation and adjustment of status under the provisions of section 244 of said Act, 8 U.S.C.A. § 1254, and denial of this application was ultimately affirmed. Chan Wing Cheung v. Hagerty, 1 Cir., 1959, 271 F.2d 903.

The matter is now before me upon the respective motions of the plaintiff and the defendants for the entry of a summary judgment in their favor under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., each contending that there is no genuine issue as to any material facts. Each of these motions is supported by affidavits. During the hearing on said motions the defendants introduced in evidence the full administrative file of the Immigration and Naturalization Service relating to said application which was filed on March 18, 1960. At the conclusion of said hearing, I reserved decision pending the filing of briefs by the parties, which have now been considered by me.

---

1. This section provides as follows:

"§ 1259. Record of admission for permanent residence in the case of certain aliens who entered the United States prior to June 28, 1940.

"A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that

he is not inadmissible under section 1182 (a) of this title insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—

"(a) entered the United States prior to June 28, 1940;

"(b) has had his residence in the United States continuously since such entry;

"(c) is a person of good moral character; and

"(d) is not ineligible to citizenship."

■ It is well settled that where, as here, the proceeding sought to be reviewed is administrative, the scope of review is limited to the record and a District Court has no authority to proceed de novo. Kessler v. Strecker, 1939, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082; Prassinos v. District Director, Immigration & Naturalization Service 1960, D.C. Ohio, 193 F.Supp. 416, affirmed 1961, 6 Cir., 289 F.2d 490; In re Cartellone, D. C.1957, 148 F.Supp. 676, affirmed sub. nom. Cartellone v. Lehmann, 6 Cir., 1958, 255 F.2d 101. If the hearing was fair and there was substantial evidence to support the finding of the District Director, and if no error of law was committed by him, his ruling must stand.

Although the plaintiff alleges that the hearing on his application was conducted improperly, that evidence outside the record was used to support the denial, and that said denial was "an arbitrary and capricious abuse of discretion", an examination of the administrative file does not substantiate these charges. Moreover, no support of any of them is to be found in the affidavits accompanying his motion for summary judgment in his favor. While there may have been technical shortcomings in the conduct of the hearing, it is clear that the plaintiff was given full opportunity in the subsequent proceedings on said application to present whatever evidence he deemed material and relevant in support thereof.

The sole ground for the denial of said application was that the plaintiff had failed to establish that he had resided continuously in the United States since prior to June 28, 1940, as required by said section 249. There was no finding that he was ineligible for relief under said section on any other ground.

It is undisputed that the plaintiff, a native of China, first entered the United States at San Francisco, California, on July 30, 1930, under an assumed name, claiming to be the minor son of a treaty merchant; that he remained in this country until March 1947, when he left the United States for China; that on July 17, 1947, he was married and until August 1950 lived in Hong Kong with his wife and three children born of the marriage. During this period he was employed in Hong Kong, and eventually purchased an interest in a business there, which he operated until his return to the United States. On August 10, 1950, he re-entered the United States at Honolulu on a non-immigrant visa as a temporary visitor until October 9, 1950, and has remained ever since, although no extensions of stay have ever been granted him.

Plaintiff contends that despite the foregoing undisputed facts he is eligible for relief under section 249 because it was his intent at the time of departure from the United States in March 1947, and at all times thereafter, to return to the United States. He also contends that the District Director, in denying said application, erroneously disregarded the evidence submitted by him which, he says, conclusively established that his intent was to return to the United States, and to retain the residence he had established here and, therefore, that he had had his residence continuously in the United States since his entry on July 30, 1930 within the meaning of said section 249. In short, he maintains that the word "residence" as used in said section is synonymous with domicile and that his intention with respect to his residence is the controlling factor in this case.

Sub-section 101(a) (33) of said Act, 8 U.S.C.A. § 1101(a) (33), provides in pertinent part as follows:

"(a) As used in this chapter—
* * *

"(33) The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent.
* * * "

■■ In my opinion the foregoing definition is clear and free from ambiguity. Whatever may have been the plaintiff's reasons or intent, his principal actual dwelling place from July 17, 1947 to August, 1950 was in fact in Hong

Kong with his wife and the children born to them. He did in fact reside in Hong Kong and not in the United States during said period. His intent as to his "domicile" or "permanent residence" as distinguished from his principal actual dwelling place in fact is not material. Lum Chong v. Esperdy, D.C.N.Y.1961, 191 F.Supp. 935; cf. Savorgnan v. United States, 1940, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287. Since the plaintiff did in fact have his principal actual dwelling place in Hong Kong during said period, and not in the United States, the conclusion of the District Director that he was ineligible for relief under said section 249 was correct and in accordance with law.

The plaintiff's motion for summary judgment in his favor is denied; the defendants' motion for summary judgment in their favor is granted.

An order will be entered dismissing this action and vacating the restraining order entered herein on March 21, 1961.