CHAN WING CHEUNG a/k/a Bill Woo,
Plaintiff, Appellant,

v.

James A. HAMILTON, Jr., District Director, U. S. Immigration and Naturalization Service, et al., Defendants, Appellees.

No. 5910.

United States Court of Appeals
First Circuit.

Heard Jan. 2, 1962.

Decided Jan. 22, 1962.

Thomas F. Vance, Jr., Pawtucket, R. I., with whom E. Harold Dick and Marvin M. Neuman, Providence, R. I., were on brief, for appellant.

William J. Gearon, Asst. U. S. Atty., Providence, R. I., with whom Raymond J. Pettine, U. S. Atty., Providence, R. I., was on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

Appellant, a native of China, after an earlier, unsuccessful appearance before this court, Chan Wing Cheung v. Hagerty, 1 Cir., 1959, 271 F.2d 903, sought discretionary administrative relief under 8 U.S.C.A. § 1259 to avoid deportation. Dissatisfied by the results, he sought review through various stages and, still dissatisfied, is here again. His complaints as to the administrative hearing, and to the hearing in the district court, where appellee District Director's motion for summary judgment was allowed, 198 F.Supp. 154, go both to form and to substance.

Appellant had a short life in the district court. Appellee filed no answer.[1] He accompanied his motion with an affidavit. The affidavit was not made on personal knowledge, and accordingly failed to comply with Fed.R.Civ.P. 56(e), 28 U.S.C.A. It must be disregarded. At the hearing appellee offered, and the court admitted over appellant's objection, appellee's "administrative file," whatever that may be. (It is not in the record before us.) In taking it the court remarked that "evidence" may be received on a motion for summary judgment. The rule itself refers only to affidavits and depositions, Rule 56(e), although in practice this may have been extended. See Moore, ¶56.11[1]. However, at the least, any "evidence" must be limited to evidence admissible at a trial, which an administrative file may not necessarily be. Yung Jin Teung v. Dulles, 2 Cir., 1956, 229 F.2d 244. Moreover, receiving evidence at the hearing, as distinguished from affidavits or depositions normally required to be filed "at least 10 days before" (Rule 56(c)), may place the opposing party in an unfair position. There is a substantial difference between accepting matters at the hearing which show that an issue of fact exists, and taking evidence in support of the motion at the last minute when there is no opportunity to rebut. However, we need not pass on the propriety of the court's action in this particular instance. There were before the court two affidavits made by appellant himself to which he has, and could have, no objection. Appellee contends that admissions in these affidavits put appellant out of court. We will decide the case on that issue.

Appellee contends that on his own affidavits appellant is not a person qualified to proceed under section 1259, as he cannot meet the requirement of subsection (b), which demands "residence in the United States continuously since" (in this case) 1940. It is conceded that appellant entered the United States before 1940, and returned to China in March 1947. Allegedly he went because his mother was ill, but admittedly he left after having been refused a visa and informed that he could not qualify for reentry. In July 1947, while in Hong Kong, he married. He remained in Hong Kong, living in his mother's apartment with his wife, until August 1950. They had three children. During the latter part of his stay he was employed. In August 1950, without his wife and children, he entered this country as a tem-

---

[1] Appellant complains of this procedure. It was, however, proper. See 6 Moore, Federal Practice ¶ 56.08, at 2047 (2d ed. 1953). If a defendant, through affidavits or otherwise, shows that a plaintiff has no case, the absence of a formal answer cannot be material.

 

porary visitor on a non-immigrant visa. This required him to leave in October. He did not leave, and has been here ever since. He is presently under a deportation order. Appellant contends that by various evidence relating to his continued financial interests in this country and the payment of rental upon his apartment here, where he left clothing and furniture during his absence, and by an affirmative statement that he "intended to continue to reside indefinitely in the United States," it could be found that he has been a continuous resident since his original entry. One affidavit also speaks of his "unabandoned domicile."

 "Residence" within the Immigration and Nationality Act of 1952 is not the equivalent of domicile, and is not determined by that intangible and sometimes elusive concept. The statutory language is very specific.

> "The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. * * *"
> 8 U.S.C.A. § 1101(a) (33).

Any concept of residence totally disregarding intent is something which courts may well find difficult. See Strupp v. Herter, D.C.S.D.N.Y., 1960, 180 F.Supp. 440, 442. Nevertheless, we cannot overlook the fact that the present statutory definition was enacted after some possibly questionable emphasis by courts upon intent, see, e. g., Josephberg v. Markham, 2 Cir., 1945, 152 F.2d 644, and after a clear statement by at least one court that if such emphasis was thought undesirable, Congress had only itself to thank because it failed to impose clear adjectival restrictions upon residence such as "actual" and "continuous." See Acheson v. Yee King Gee, 9 Cir., 1950, 184 F.2d 382, 384. In addition to using

both those words in its amendment, Congress made express provision for two exceptions when residence might be regarded as continuous even though "physical presence" was interrupted. These did not include a person in appellant's position.[2]

In our opinion it could not be found that appellant's "principal, actual dwelling place in fact" was "continuously" in the United States throughout the period 1947–1950 when he was living in China. Hong Kong may not have been his "permanent residence," but as the court pointed out in Savorgnan v. United States, 1950, 338 U.S. 491, 505, note 24, 70 S.Ct. 292, 94 L.Ed. 287, even before the statute was as restricted as it now is, when Congress meant permanent residence it knew how to say so.

Judgment will be entered affirming the judgment of the District Court.

---

2. The entire section defining residence in the 1952 Act is as follows.

   "(33) The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. Residence shall be considered continuous for the purposes of sections 1482 and 1484 of this title where there is a continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states or outside the United States."