MATTER OF LEITMAN

In Section 249 Proceedings

A-12017122

*Decided by Regional Commissioner November 10, 1966*

Notwithstanding his intent to reside permanently in this country, an alien agricultural worker who, following his initial entry in 1944, thereafter returned to Jamaica for short periods every three years upon the expiration of his work contracts, has failed to establish a continuous residence in the United States since prior to June 30, 1948, and, therefore, is statutorily ineligible for the creation of a record of lawful admission for permanent residence pursuant to the provisions of section 249 of the Immigration and Nationality Act, as amended.

This matter is before the Regional Commissioner for review as a result of certification by the District Director of his order of March 7, 1966 approving the application.

The applicant is a citizen of Jamaica, West Indies, born in Darliston, Westmoreland, Jamaica on October 8, 1922. His application shows he first arrived in the United States in April 1944 when he was inspected and admitted by an immigration officer; that he was then coming as an agricultural worker; that his residence has since been in the United States; that he has returned to Jamaica every three years for short absences, the longest of which was five months from April 1950 to September 1950; that he was married June 25, 1950 to a native and citizen of Jamaica who still resides in that country; and that he last entered the United States on July 5, 1963 as a "contract worker". Evidence has been submitted that he has been employed, with the exception of the absences mentioned, since April 1948 as an agricultural worker by a tobacco grower with an office in Hartford, Connecticut. At least until 1959, his residences in the United States have been in a camp or other living quarters furnished by an employer to its agricultural laborers, presumably pursuant to the contracts or agreements under which the services of alien agricultural workers were made available for temporary employment.

When interviewed on his application by an officer of this Service, the applicant alleged he has resided continuously in the United States since April 1948; that notwithstanding his departures from the United States every three years upon the expiration of his work contracts, it was his intention to work and to reside in the United States permanently; that he always intended to return to the United States on his next contract; that even though his wife, to whose support he contributes each month, has continued to live in Jamaica, he has not considered Jamaica to be his residence; and that he intends to bring his wife here. No children were born of this marriage.

Section 249 of the Immigration and Nationality Act, as amended, provides:

A record of lawful admission for permanent residence may, in the discretion of the Attorney General and under such regulations as he may prescribe, be made in the case of any alien, as of the date of the approval of his application or, if entry occurred prior to July 1, 1924, as of the date of such entry, if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 212(a) insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotic laws or smugglers of aliens, and he establishes that he—

  (a) entered the United States prior to June 30, 1948;

  (b) has had his residence in the United States continuously since such entry;

  (c) is a person of good moral character; and

  (d) is not ineligible to citizenship.

The term "residence" is defined in section 101(a)(33) of the Immigration and Nationality Act to mean:

the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. . . .

The various entries of the applicant have been as an agricultural worker for a temporary period conditioned upon his departure from this country upon the termination of such employment and in any event upon the expiration of his period of authorized stay. His residence here during such periods was temporary in nature, incidental to and dependent upon his employment which was not to exceed a definite, fixed period. His intent as to his permanent residence, as distinguished from his principal actual dwelling place in fact, is not material to determining his eligibility for permanent residence under section 249 on the ground of residing continuously in the United States for the requisite period. *Chan Wing Cheung v. Hamilton,* D. C., R. I., 1961, 198 F. Supp. 154, affirmed 298 F.2d 459. His departures at the conclusions of the respective periods of temporary employment terminated any residence he may have

had in the United States. During such absences from the United States, and specifically the five-month period in 1950, his principal actual dwelling place in fact was in Jamaica.

This is not an appropriate case for relief under section 249 of the Immigration and Nationality Act, as amended. Section 249 is an ameliorative provision; designed apparently to aid a person who has formed a substantial tie to the United States and who should not automatically be denied naturalization because of an inability to locate a record of permanent admission at the time of his basic entry. *Sit Jay Sing* v. *Nice,* 182 F. Supp. 292 (N.D. Cal., S.D. 1960), affirmed 287 F. 2d 561 (C.A. 9, 1961); 2 United States Code Cong. Adm. News (85th Cong., 2d Session 1958), p. 3349. In substance, this application is a request for a change of status from that of a nonimmigrant to that of a permanent resident for which the applicant could not qualify under section 245 of the Act, as amended, since he is a native of a country of the Western Hemisphere or of an adjacent island. Our applicant has not shown any close family or other substantial ties in the United States. On his numerous entries since December 26, 1952, the effective date of the Immigration and Nationality Act, he obtained nonimmigrant status under a section of law which required that he have "a residence in a foreign country which he has no intention of abandoning" (sec. 101(a)(15) (H); Immigration and Nationality Act). He should not now be permitted to benefit by his concealment on relatively recent entries of his admitted intent to reside permanently in the United States.

We conclude that the applicant has failed to establish continuous residence in the United States since prior to June 30, 1948. Furthermore, the facts and circumstances here present do not warrant favorable exercise of the discretionary administrative authority contained in section 249 of the Immigration and Nationality Act, as amended. For these reasons, the decision of the District Director will be reversed.

*It is ordered* that the decision of the District Director be withdrawn.

*It is further ordered* that the application be and hereby is denied.