James Tat-Wing YAU, Petitioner,

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Civ. A. No. 68–891.

United States District Court
C. D. California.

Nov. 4, 1968.

Hiram W. Kwan, Los Angeles, Cal., for petitioner, James Tat-Wing Yau.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., and Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for respondent, Director of the U. S. Immigration and Naturalization Service.

## DECISION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Petitioner filed a petition for judicial review in this Court alleging that respondent's finding that petitioner did not qualify as a "member of the professions" under Section 203(a) (3), as amended, 8 U.S.C. § 1153(a) (3)[1] of the Immigration and Nationality Act is clearly erroneous and contrary to law. Petitioner was seeking a declaration that he is a "member of the professions" pursuant to the aforementioned statute.

Respondent filed a Motion for Summary Judgment pursuant to Rule 56(b) & (c)[2] of the Federal Rules of Civil Pro-

---

1. 8 U.S.C. 1153(a) (3).

"§ 1153. Allocation of immigrant visas—Categories of preference priorities; per centum limitations; conditional entries; waiting lists

(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

\* \* \* \* \*

(3) Visas shall next be made available, in a number not to exceed 10 per centum of the number specified in section 1151(a) (ii) of this title to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit pro- spectively the national economy, cultural interests, or welfare of the United States."

2. F.R.C.P. Rule 56(b) & (c).

"Rule 56. Summary Judgment.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

cedure on the ground that there is no genuine issue as to any material fact. Respondent filed a Memorandum of Points and Authorities in support of its Motion. Petitioner filed a Memorandum in opposition to Respondent's Motion for Summary Judgment.

The jurisdiction of this Court was asserted pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201)[3] and Chapter 7 of the Administrative Procedure Act (5 U.S.C. § 702 et al.).[4]

The facts as set forth in the Petition, respondent's Answer, Motion for Summary Judgment, and Memorandum of Points and Authorities, the Administrative Record, petitioner's Memorandum in opposition to respondent's motion, and as presented in oral argument are now recited.

Petitioner, a 39-year old native of Hong Kong and a British national, filed in this Court a Petition for Judicial Review contending that the Respondent erroneously denied his Petition for Classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3). Petitioner contended that the denial was erroneous because he had established that he has received the equivalent of a bachelor's degree in electronic engineering. Therefore, Petitioner claims that he is entitled to the issuance of a visa under Section 203(a) (3) of the Act.

The sole issue herein is whether the Respondent abused his discretion in finding that the Petitioner did not qualify as a member of the professions within the meaning and intent of Section 101(a) (32) of the Act, 8 U.S.C. § 1101(a) (32).[5] The certified Administrative Record of the Department of Justice, Immigration and Naturalization Service, contains all of the information submitted by Petitioner as to his educational achievements and work experience.

The certified administrative record shows that Petitioner was awarded a B. S. degree in Electronic Engineering on January 13, 1967, by Pacific States University of Los Angeles. Following his graduation, Petitioner was employed as a draftsman with Ampex Corporation in Culver City, California and since March 1967 has been employed as a practical trainee with Teledyne Systems of Los Angeles as a junior member of the Technical Staff.

In response to an inquiry from the Immigration and Naturalization Service, the Office of Education, Department of

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

3. 28 U.S.C. § 2201.
"§ 2201. Creation of remedy
In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. June 25, 1948, c.

646, 62 Stat. 964; May 24, 1949, c. 139, § 111, 63 Stat. 105; Aug. 28, 1954, c. 1033, 68 Stat. 890; July 7, 1958, Pub.L. 85–508, § 12(p), 72 Stat. 349."

4. 5 U.S.C. § 702.
§ 702. Right of review
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 392.

5. 8 U.S.C. § 1101(a) (32).
"§ 1101. Definitions
(a) As used in this chapter * * *
* * * * *
(32) The term "profession" shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."
* * * * *

Health, Education, and Welfare on March 28, 1967 advised as follows: "Our records, spanning more than a quarter century reveal that Pacific States University is not accredited and has not established that its degrees are recognized or that its credits are accepted unconditionally by accredited institutions of higher education."

The University of Southern California, Los Angeles, California, advised that credits issued by Pacific States University are not accepted by USC and that Pacific States University "bears no accreditation by the Western Association of Schools and Colleges."

Likewise, the University of California, Los Angeles, California, advised that they do not accept transfer credit for work completed at Pacific States University since it is not accredited by the Western Association of Secondary Schools and Colleges.

On April 3, 1968, the District Director issued his decision denying the Petition.

Petitioner appealed to the Regional Commissioner of Immigration and Naturalization Service on the ground that he qualified as a member of the professions based upon his degree in Electronic Engineering from Pacific States University, a school aproved by the U. S. Immigration and Naturalization Service for foreign students, and on the basis of his employment experience.

On May 2, 1968, the Regional Commissioner issued his decision, finding that "Petitioner has failed to establish that he has received the equivalent of a bachelor's degree in electronic engineering conferred by an accredited college or university in the United States or that he has the experience or a combination of experience and education required for such a degree." Thereupon, the Regional Commissioner affirmed the decision of the District Director and dismissed the appeal.

On May 27, 1968, Petitioner filed this action seeking a review of the denial of his petition for third preference classification as a member of the professions.

Now having heard the arguments and having examined all the filed documents and records herein, and the Court being fully advised in the premises, the Court renders its decision.

## DECISION
RESPONDENT DID NOT ABUSE HIS DISCRETION IN FINDING THAT PETITIONER DID NOT QUALIFY AS A "MEMBER OF THE PROFESSIONS" UNDER SECTION 203(a) (3) OF THE ACT.

■ In sitting in review of administrative determination of the Immigration and Naturalization Service under the Immigration and Nationality Act, the Court's role is that of reviewer rather than original fact finder. Unless there is presented a substantial claim of United States citizenship, the Court's scrutiny is limited to the agency record underlying the challenged administrative determination and it does not try the factual issues *de novo*. Todaro v. Pederson, 205 F.Supp. 612 (N.D.Ohio, 1961) affirmed 305 F.2d 377 (6th Cir. 1962), cert. denied 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124; Chan Wing Cheung v. Hamilton, 198 F.Supp. 154 (D.R.I., 1961); affirmed 298 F.2d 459 (1st Cir. 1962); Obrenovic v. Pilliod, 282 F.2d 874 (7th Cir. 1960).

■ Since only questions of law are presented for judicial determination on such review, a motion for summary judgment, based upon the administrative record, is an appropriate method of presenting the issues to the Court. Kalatjis v. Rosenberg, 305 F.2d 249 (9th Cir. 1962); Todaro v. Pederson, supra.

In *Todaro*, supra, the Court stated:

"The jurisdiction of this Court is limited narrowly to ascertaining whether the proceeding before the Special Inquiry Officer was conducted fairly and whether his finding that petitioner had not sustained the burden thrust upon him by statute is supported by substantial evidence." (205 F.Supp. at 614).

■ In reviewing the denial of a preference classification, the Court is

limited to the determination of whether the District Director abused his discretion. Roumeliotis v. I. N. S., 304 F.2d 453 (7th Cir., cert. denied, 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230 (1962); Maggiore Bakery, Inc. v. Esperdy, 238 F.Supp. 374 (S.D.N.Y.1964). In order to make such a determination, the Court must consider whether the facts, as presented, amply support the reasons given for the denial of the petition. Roumeliotis v. I. N. S., supra.

In order to determine whether the decision of the District Director was supported by substantial evidence, this Court will now analyze the statutes pertinent to this controversy. Section 203 (a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3) provides:

"(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

 * * * * * *

"(3) Visas shall next be made available, in a number not to exceed 10 per centum of the number specified in section 1151(a) (ii) of this title, to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

The term "profession" is defined at Section 101(a) (32) of the Act, 8 U.S. C. § 1101(a) (32),[6] to "include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries." However, the listed occupations are not exclusive and each application must be determined on an *ad hoc* basis.

Although there are no reported court decisions in this area, Gordon and Rosenfield's Immigration Law and Procedure, Vol. 1, 1967 Supplement, at page 2–123, comments upon the third preference classification as follows:

"Ordinarily the attainment of a degree from a college or university is a minimum requirement for professional status, although it is obvious that all college graduates are not professionals. The statute requires more than skill, and contemplates specialized training attained through high and intensive education * * *."

Moreover, Section 212(a) (14) of the Immigration and Nationality Act, 8 U.S. C. § 1182(a) (14)[7] provides that aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor will be excluded, unless

---

6. Id.

7. 8 U.S.C. § 1182(a) (14).

 § 1182. General classes of aliens ineligible to receive visas and excluded from admission; waivers of inadmissibility

 (a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

 * * * * *

 (14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to special immigrants defined in section 1101(a) (27) (A) of this title, (other than the parents, spouses, or children of United States citizens or of aliens lawfully admitted to the United States for permanent residence), to preference immigrant aliens described in sections 1153(a) (3) and 1153(a) (6) of this title, and to nonpreference immigrant aliens described in section 1153(a) (8) of this title.

the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (a) there are not sufficient workers in the United States who are able, willing, and qualified at the time of the application for a visa and at the place to which the alien is destined to perform such labor; and (b) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States who are similarly employed. This section is expressly made applicable to both preference and non-preference immigrant aliens.

This certification can be made in two ways as provided in 29 C.F.R. 60: one way is a blanket certification of a profession under Group 2 of Schedule A, 29 C.F.R. 60; [8] and the other way is an individual certification after study of the facts pertaining to the education, abilities and experience of the particular individual alien seeking a certificate.

■■ Petitioner does not come under the blanket certification, since his degree is not from an accredited school. It must be noted that the blanket certification of the Department of Labor, Group 2, Schedule A, 29 C.F.R. 60, limits eligibility of electronic engineers to "persons who have received a degree conferred by an *accredited* institution of higher learning in any of the following specialities or have experience or a combination of experience and education equivalent to such a degree." Thus, petitioner had the burden of submitting an individual certification pursuant to the provisions of Section 212(a) (14) of the Act, 8 U.S.C. 1182(a) (14).[9] Petitioner did not submit such a certificate.

## PETITIONER HAS NOT ESTABLISHED THAT HIS EMPLOYMENT EXPERIENCE IS SUFFICIENT TO QUALIFY FOR A THIRD PREFERENCE CLASSIFICATION

■ Petitioner argued that Respondent is inconsistent in saying that Petitioner's degree from Pacific States University does not qualify him for a third preference classification, since Pacific States University is approved by the Respondent for attendance by alien stu-

---

8. 29 C.F.R. 60, Schedule A, Group 2.
 Part 60—Immigration; Availability of, & Adverse Affect Upon, American Workers
 * * * * *
 SCHEDULE A
 Group I: Persons who received an advance degree in a particular field of *study* from an *institution of higher learning accredited in the country where the degree was obtained* (comparable to a Ph. D. or master's degree given in American colleges or universities).
 Group II: Persons who have received a degree conferred by an accredited institution of higher learning in any of the following specialties or have experience or a combination of experience and education equivalent to such a degree:
 Accounting and Auditing.
 Aeronautical Engineering.
 Architecture.
 Chemical Engineering.
 Chemistry.
 Civil Engineering.
 Dietetics.
 Electrical Engineering.

Electronic Engineering.
Industrial Engineering.
Mathematics.
Mechanical Engineering.
Metallurgy and Metallurgical Engineering.
Nuclear Engineering.
Nursing.
Pharmacy.
Physical Therapy.
Physics.
 Group III Occupational Definitions: These definitions are intended as descriptive guidelines and not as mandatory qualification requirements.
 * * * * *
 ELECTRONIC ENGINEERING
 Research and development concerned with design and manufacture of a variety of electronic apparatus and devices and their application to commercial, military, scientific and medical equipment, processes, and problems, utilizing principles and theories of electronic engineering. Direction of operation and maintenance of electronic equipment and recommendations to correct designs based upon operational evaluation.

9. See Footnote 7, supra.

dents. Petitioner claims that if the degrees from this school are not acceptable for a preference classification, the Immigration and Naturalization Service is perpetrating a fraud on all aliens attending that school. This argument does not have much merit since the United States undoubtedly has different policies in mind when considering whether the attendance of a particular school is a sufficient reason to permit a temporary visa, and on the other hand considering whether an alien has become so advanced in technical skill and knowledge that it is to the benefit of the United States to permit him to obtain permanent residence in this country.

 Petitioner further argued that notwithstanding the fact that his degree is from an unaccredited college, he still qualifies as a "member of the professions" because of his background and work experience. His work at Ampex Corporation was as a draftsman, and his present position is as a junior member of the technical staff at Teledyne. Petitioner claimed that he has established professional recognition as an electronic engineer on the basis of his employment. However, that claim is not supported in the Administrative Record, and the record of petitioner's employment by itself does not establish that petitioner has the high academic preparation and work experience that qualify him for recognition as a "member of the professions" within the meaning and intent of Section 203(a) (3) of the Act, 8 U.S.C. § 1153(a) (3).

 The purpose of granting the third preference classification is to give a preference to those who have exceptional ability in the sciences and arts so as to substantially benefit the economy, welfare, or cultural interests of the United States. U.S. Code Congressional and Administrative News 3328, at 3332 (1965). In the instant case the Director and the Regional Commissioner carefully considered all the evidence submitted by petitioner and determined that petitioner did not qualify as a "member of the professions". This determination was

supported by substantial evidence, and thus it can not be said that there was an abuse of discretion. Respondent's motion for a Summary Judgment should be granted.

In accordance with the foregoing, which shall also constitute findings of fact and conclusions of law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I

Petitioner, a native of Hong Kong and a British national, instituted this action for review of the District Director's decision denying his Petition for classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3).

### II

Petitioner claims that the District Director erred in finding that he did not qualify as a member of the professions as an electronic engineer.

### III

The evidence shows that the Petitioner has a Bachelor of Science degree in Electronic Engineering from Pacific States University, Los Angeles, California; that the University is not an accredited school; that since his graduation from Pacific States University on January 13, 1967, Petitioner has been employed as a draftsman at Ampex Corporation and is now employed as a Junior Member of the Technical Staff of Teledyne Systems of Los Angeles.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction of this action.

### II

This Court has jurisdiction of the parties to this action.

### III

The District Director did not abuse his discretion in finding that the Petitioner failed to establish that he quali-

fies as a member of the professions within the meaning and intent of the Immigration and Nationality Act, as amended.

### IV

Judgment should be entered in favor of Respondent and against Petitioner, affirming the decision of the District Director that Petitioner is not eligible for a preference classification as a member of the professions under Section 203 (a) (3) of the Act, supra, but without prejudice to Petitioner filing another Petition to Classify Preference Status of Alien on basis of Profession or Occupation within 10 days of entry of this Judgment and being granted a hearing by Respondent upon the new Petition with an opportunity to present all relevant and material evidence, both oral and documentary, upon the question of Petitioner's entitlement to a third preference classification.

Let judgment be entered accordingly.