**CHONG SHIK AHN, Appellant,**

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

No. 24164.

United States Court of Appeals
Ninth Circuit.

Nov. 25, 1969.

Richard Quan (argued), Hiram W. Kwan, Los Angeles, Cal., for appellant.

David H. Anderson (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant, a Korean, is dissatisfied with the decision of the District Court, which held that appellee had not abused his discretion, under 8 U.S.C. § 1258, in denying appellant's application for a change of non-immigrant status.

Appellant is a thirty year old married male, originally admitted to the United States on July 27, 1967, as a temporary visitor for pleasure, with permission to stay until December 31, 1967. Before the expiration date, he filed an application for change of non-immigrant status from temporary visitor to that of stu-

dent. This application was denied on May 27, 1968. The appeal was dismissed by the Regional Commissioner.

Some two months after this decision, appellant again submitted an application for change of non-immigrant status from temporary visitor to that of student. This application was denied on November 18, 1968, on the following grounds: (1) that the applicant failed to present documentary evidence establishing financial resources capable of supporting him, and (2) that applicant had ample time to complete the purpose for which he entered the United States.

Clearly, the documentary, or other, evidence submitted by appellant is wholly insufficient to establish the necessary financial responsibility. When analyzed, the purported affidavit of support is meaningless. Without going into detail, we have no difficulty in concluding that the decision of the appellee on this point was not clearly erroneous. On the facts presented, the appellee did not abuse his discretion in denying the application. Dong Yup Lee v. U. S. Immigration & Naturalization Service, 407 F.2d 1110, 1113 (9th Cir. 1969). We are not permitted to make an independent inquiry into the facts and try the issues *de novo*. Yau v. District Director of U. S. Immigration & Naturalization Service, 293 F.Supp. 717, 721 (C.D.Cal.1968); Todaro v. Pederson, 205 F.Supp. 612 (N.D. Ohio 1961), aff'd. 305 F.2d 377 (6th Cir. 1962), cert. denied 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124.

Our conclusion on the issue of financial irresponsibility makes it unnecessary to speak on the issue of whether appellant had ample time within which to complete the purpose for which he entered the United States.

The employment of summary judgment procedures in the District Court was proper on the record here presented. Tang v. District Director of U. S. Immigration & Naturalization Service, 298 F.Supp. 413 (C.D.Cal.1969); Yau v.

District Director of U. S. Immigration & Naturalization Service, *supra.* The judgment of the District Court is

Affirmed.