Shamin IBRAHIM, Plaintiff,

v.

Maurice F. KILEY, District Director, U. S. Immigration and Naturalization Service, at New York City, and O. I. Kramer, Acting Regional Commissioner, U. S. Immigration and Naturalization Service, at Burlington, Vermont, Defendants.

No. 76 Civ. 508.

United States District Court,
S. D. New York.

April 13, 1976.

**14**

David Scheinfeld, New York City, for plaintiff, by Linda Atlas, Brooklyn, N. Y.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants, by Thomas H. Belote, Spec. Asst. U. S. Atty., New York City.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff Shamin Ibrahim, a citizen of Guyana, moves by order to show cause to enjoin defendants, officials of the United States Immigration and Naturalization Service ("INS"), from deporting plaintiff from the United States pending determination of his claim for a declaratory judgment that defendants' "denial of plaintiff's application for permission to change his course of study and extend his stay is arbitrary, capricious and an abuse of discretion." By order dated February 2, 1976, this Court stayed plaintiff's deportation pending determination of this motion. Defendants move to dismiss the complaint.

Plaintiff, a twenty-year-old native and citizen of Guyana, was admitted to the United States on March 4, 1974 as a non-immigrant student (8 U.S.C. § 1101(a)(15)(F)) on a visa to expire on April 3, 1975. The visa provided that plaintiff was to be a student at the New York Business School, a trade school at which he was to study business administration. It appears that plaintiff left the New York Business School on or about January 20, 1975 and commenced college level studies in psychology at the City University of New York ("C.U.N.Y."), allegedly because he was not satisfied with the "intellectual level" of the New York Business School. Six weeks later, on March 12, 1975, plaintiff formally requested an authorization to transfer to C.U.N.Y. and an extension of his visa to April, 1977. On April 1, 1975, the District Director of INS ("District Director") ruled that plaintiff had failed to maintain his immigration status since he had changed educational institutions without authorization, and denied plaintiff's belated request for such authorization. Plaintiff was granted permission to voluntarily depart from the United States in lieu of enforced deportation on or before May 1, 1975. By motion dated April 8, 1975, plaintiff requested reconsideration of the District Director's April 1 decision. On May 5, 1975, this motion was denied and plaintiff was granted an extension until May 15, 1975 to effect his voluntary depar-

ture. In the May 5 decision, the District Director briefly reviewed the procedural history of plaintiff's applications to the INS and added that the information submitted regarding plaintiff's brother-in-law, who is supporting plaintiff during his stay in the United States, indicated that plaintiff's "tuition and fees plus living expenses would total . . . over twenty percent of [his brother-in-law's] income." On May 16, 1975, plaintiff appealed the May 5 decision to the Regional Commissioner. Since the applicable regulations do not provide for an administrative appeal at this stage (*see* 8 C.F.R. § 214), the application was treated as a motion for reconsideration of the April 1 and May 5 decisions. It appears that on June 12, 1975, plaintiff was granted a scholarship from C.U.N.Y. for $340 for the Fall, 1975 semester and that shortly thereafter he so informed the INS. On June 19, 1975 the District Director denied plaintiff's May 16 motion in a letter to plaintiff referring to the same reasons as in the prior decisions.

By order to show cause dated July 3, 1975 filed by the INS (*see* 8 C.F.R. § 242.1), plaintiff was directed to appear at the INS for a deportation hearing on July 18, 1975. The INS charged as the ground for deportation that plaintiff had been in the United States without authority since May 15, 1975. *See* 8 U.S.C. § 1251(a)(2). On August 7, 1975, apparently the adjourned date of the deportation hearing, plaintiff was represented by counsel and admitted his deportability. He applied "solely for voluntary departure in lieu of deportation." The Immigration Judge granted this application and ordered that plaintiff make a voluntary departure on or before November 7, 1975 (*see* 8 C.F.R. § 244.1), but added that if plaintiff failed to depart by said date (or by any later date as set by the District Director), the "privilege of voluntary departure shall be withdrawn without further notice or proceedings and . . . [plaintiff] shall be deported from the United States . . . ." Plaintiff waived his

right to appeal to the Board of Immigration Appeals and the Immigration Judge's August 7 order became final. *See* 8 C.F.R. § 242.20.

Plaintiff did not depart voluntarily on or before November 7, 1975 and on November 11, 1975 the deportation aspect of the August 7 order became effective.

On November 13, 1975, plaintiff submitted an application requesting that his deportation be stayed until February 1, 1976 when the pending school term ended. *See* 8 C.F.R. § 243.4. On December 1, 1975, the District Director granted this application and also exercised his discretion to conditionally grant plaintiff voluntary departure status, effective *nunc pro tunc* upon notification to the INS that plaintiff had left the United States.

Plaintiff did not depart on or before February 1, 1976. Instead, he commenced this action seeking review of the District Director's rulings denying plaintiff's applications to change his course of study and to extend his stay in light of newly presented evidence.

Plaintiff asserts jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, and the United States immigration and naturalization laws, 8 U.S.C. § 1329, but cites no authority for the relief sought.

█ Insofar as plaintiff challenges the April 1 ruling by the District Director (and the decisions on reconsideration dated May 5 and June 19), it appears that this Court has jurisdiction.* *See* 8 U.S.C. § 1329; *Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); *Bolanos v. Kiley,* 509 F.2d 1023 (2d Cir. 1975); *Yan Wo Cheng v. Rinaldi,* 389 F.Supp. 583, 584 (D.N.J.1975). These rulings arise from proceedings distinct from the deportation hearing on August 7.

█ The District Director's decisions denying plaintiff authorization to change educational institutions and course of study

---

* *But see* 8 U.S.C. § 1105a placing cases challenging deportation orders and proceedings *per se* within the exclusive jurisdiction of the Courts of Appeal. *See Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

**16**

and for a two-year extension of his visa cannot be said to have "[been] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination of a particular race or group," *Li Cheung v. Esperdy,* 377 F.2d 819 (2d Cir. 1967); *Wong Wing Hang v. INS,* 360 F.2d 715, 719 (2d Cir. 1966), and are not an abuse of his discretion. *See* 8 C.F.R. §§ 214.1, 214.2; *Bolanos v. Kiley, supra; Chong Shik Ahn v. District Director, INS,* 418 F.2d 910 (9th Cir. 1969); *Dong Yup Lee v. INS,* 407 F.2d 1110, 1113 (9th Cir. 1969). Plaintiff did not make his application until six weeks after the transfer of schools, and was therefore in violation of the INS regulations. *See* 8 U.S.C. § 1251(a)(9); 8 C.F.R. §§ 214.1, 214.2(f). Also, the regulations provide that authorization can be granted for a maximum of one year at a time. 8 C.F.R. § 214.2(f)(2).

 Plaintiff also contends that, contrary to the District Director's findings on May 5 and June 19, plaintiff's brother-in-law is financially able to support plaintiff during his studies. Plaintiff relies upon affidavits by his family and letters from their employers dated in August, 1975, and upon the fact that he was awarded the C.U.N.Y. scholarship on June 12, 1975 for the Fall, 1975 semester. This Court cannot review *de novo* the issues determined by the District Director, *see Mensah v. Kiley,* 75 Civ. 4781 (S.D.N.Y. Nov. 7, 1975) (Carter, J.); *Todaro v. Pedersen,* 205 F.Supp. 612 (N.D.Ohio 1961), *aff'd,* 305 F.2d 377 (6th Cir.), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962), and on the record presented to the District Director in May and June, 1975 the determination as to plaintiff's family's ability to support him was not an abuse of discretion. Moreover, this determination appears to have been one of two alternative and independent grounds for denial of plaintiff's applications.

Accordingly, plaintiff's motion for a preliminary injunction is denied, the stay issued on February 2, 1976 is vacated, and the complaint is dismissed.

It is so ordered.