**Yuping LI, Plaintiff,**

v.

**Michael CHERTOFF, Eduardo Aguirre, Denis Riordan, and Emilio Gonzalez, Defendants.**

Civil Action No. 06–10963–JLT.

United States District Court,
D. Massachusetts.

June 12, 2007.

Desmond P. FitzGerald, FitzGerald & Company LLC, Boston, MA, for Plaintiff.

Mark T. Quinlivan, United States Attorney's Office, Boston, MA, for Defendants.

*MEMORANDUM*

TAURO, District Judge.

In this case, Plaintiff seeks de novo review of her application for naturalization. As the United States Citizenship and Immigration Service ("USCIS") failed to act on Plaintiff's petition in a timely manner, this court has jurisdiction under 8 U.S.C. § 1447(b).

**Background**

The undisputed facts are as follows: Plaintiff, a citizen of the People's Republic of China, is married to a United States citizen and has been a permanent resident since April 5, 2000. Plaintiff became eligible for naturalization on April 5, 2003, and filed an application for naturalization on May 8, 2003. On April 21, 2004, USCIS examined Plaintiff, who passed the language, history, and government examination. USCIS then informed Plaintiff it could not process her application until it had completed a background check. Despite Plaintiff's repeated inquiries, USCIS took no action on Plaintiff's application. On June 1, 2006, Plaintiff asked this court to conduct a de novo hearing and grant her application.

After remand of the matter to the USCIS for further investigation, the Defendants declined to naturalize Plaintiff, and the case was re-opened. Though Plaintiff has passed the background check, Defendants now contend that Plaintiff can not be naturalized for the sole reason that she does not meet the requirement of continuous residence from the date of application to the date of naturalization.

Plaintiff obtained permanent residence status in Canada on October 24, 2006.

Plaintiff avers that after she was downsized from a U.S. employer, she went to Canada to pursue an opportunity to study in the dental program at the University of Alberta. She avers that she tried to complete her naturalization application before her departure date, but that it was unreasonably delayed by Defendants. She has been out of the U.S. for periods extending as long as six months, but not more than a year.

Her husband came with her to Canada, taking a job with the same contractual term as Plaintiff's course of study. The rest of Plaintiff's extended family lives in the United States. Plaintiff retains a home in Cambridge, Massachusetts, where mail is delivered. Plaintiff has not taken a job in Canada. Plaintiff files tax returns in the United States.

Before the court are cross-motions for summary judgment, disputing whether, on these facts, Plaintiff meets the continuous residence requirement for naturalization.

### Discussion

"No person ... shall be naturalized unless such applicant, ... (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship."[1] Plaintiff left the United States to pursue a dentistry degree in Canada. The question for this court is whether Plaintiff's departure constitutes a change of residence, within the meaning of the statute, which defines the word as "the place of general abode; ... [a person's] principal, actual dwelling place in fact, without regard to intent."[2]

Defendants rely on this provision, and argue that because Plaintiff is presently living in Canada, that should be considered her residence, whether or not she plans to return to the USA. Precedent supports the proposition that a determination of residence should be based on "physical presence," not intent.[3]

The answer is not that simple. Plaintiff has been physically present at various times in this country. Defendants have not disputed her contention that she has not been away for more than a year.[4] In this way, "physical presence" is not necessarily a clear test, but rather begs the question, "What is sufficient physical presence?" Fortunately, the residency requirement is clarified in another portion of the statute:

Absence from the United States of more than six months but less than one year during the period for which continuous residence is required for admission to citizenship, immediately preceding the date of filing the application for naturalization, or during the period between the date of filing the application and the date of any hearing under section, shall break the continuity of such residence, unless the applicant shall establish to

---

1. 8 U.S.C. § 1427(a)(2) (2007).

2. 8 U.S.C. § 1101(a)(33).

3. *Chan Wing Cheung v. Hamilton*, 298 F.2d 459, 461 (1st Cir.1962) (" 'Residence' within the Immigration and Nationality Act of 1952 is not the equivalent of domicile, and is not determined by that intangible and sometimes elusive concept. The statutory language is very specific."). *See also Elgergawi v. Sec'y of Dep't of Homeland Sec.*, 170 Fed.Appx. 231, 236 (3d Cir.2006) (rejecting a 1447(b) petition on continuous residence grounds where a petitioner who had worked in the United States, but was permanently situated in Dubai, set up an unfurnished apartment in Pittsburgh and applied for naturalization); *Alcarez–Garcia v. Ashcroft*, 293 F.3d 1155, 1158 (9th Cir.2002) (applying the same definition of residence in a different context, but finding that definition met by a person who worked nine months of the year in the U.S. and three months of the year in Mexico, thus establishing "physical presence").

4. Pl.'s Mot. for Summ. J., Paper # 9, p. 6.

the satisfaction of the Attorney General that he did not in fact abandon his residence in the United States during such period.[5]

Plaintiff can thus prevail by establishing that she did not abandon her residence in the United States. Regulations spell out how the Attorney General would make such an assessment:

Absences from the United States for continuous periods of between six (6) months and one (1) year during the periods for which continuous residence is required under § 316.2(a)(3) and (a)(6) shall disrupt the continuity of such residence for purposes of this part unless the applicant can establish otherwise to the satisfaction of the Service. This finding remains valid even if the applicant did not apply for or otherwise request a nonresident classification for tax purposes, did not document an abandonment of lawful permanent resident status, and is still considered a lawful permanent resident under immigration laws. The types of documentation which may establish that the applicant did not disrupt the continuity of his or her residence in the United States during an extended absence include, but are not limited to, evidence that during the absence:

(A) The applicant did not terminate his or her employment in the United States;

(B) The applicant's immediate family remained in the United States;

(C) The applicant retained full access to his or her United States abode; or

(D) The applicant did not obtain employment while abroad.[6]

While the regulation states that the determination shall be made by the Service, the burden has now fallen to the court, considering the Defendants' failure to act.[7]

It is a canon of statutory construction that the specific governs the general.[8] Where the statute lays out a specific rule addressing the question of residency in the circumstances presented by an absence of more than six months and less than a year, and where the Attorney General has promulgated regulations dealing with this rule, it is appropriate to look to the above factors to determine abandonment, rather than, as the Defendants suggest, to judge the case solely on the question of "physical presence" based on the definition of residence alone.

This factual inquiry into whether Plaintiff has abandoned her residence in the United States is potentially problematic. The question of "abandonment" often requires an intent inquiry. But the statute makes clear that intent should not be considered.[9] The court concludes, therefore, that it should not look at Plaintiff's intent, but rather at the relevant factors to assess whether, at any point in time while her application was pending, Plaintiff's actually abandoned residency in the United States. While Plaintiff did leave the United States for extended periods, the mere fact of physical departure does not alone constitute the lack of "physical presence" necessary to result in a conclusion of abandonment.[10]

---

**5.** 8 U.S.C. § 1427(b).

**6.** 8 C.F.R. § 316.5(c)(1).

**7.** *See* 8 U.S.C. § 1447(b).

**8.** *See Morales v. TWA*, 504 U.S. 374, 384, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).

**9.** 8 U.S.C. § 1101(a)(33). *See also Savorgnan v. United States*, 338 U.S. 491, 505, 70 S.Ct. 292, 94 L.Ed. 287 (1950).

**10.** *See Alcarez–Garcia*, 293 F.3d at 1158 (applying a "physical presence" test and concluding a worker who was in Mexico for three months of the year was physically present in the United States).

Plaintiff argues that she meets all four factors spelled out in the regulation. First, she did not terminate her employment, but rather was terminated. This argument misinterprets the regulation. The fact relevant to residence would be whether Plaintiff still works in the United States. The question of whether she or her employer ended her employment might be relevant in assessing intent, but the law is clear that the court should not look to intent.

As to point two, Plaintiff notes that other than her husband, her entire family lives in the United States. Defendants counter that Plaintiff, therefore, has no *immediate* family in the United States. Nonetheless, the regulation makes clear that the fact finder may consider facts other than those enumerated, and the fact that much of Plaintiff's family is in the United States does weigh in her favor.

As to the points three and four, Defendant does not dispute that Plaintiff retains access to her home and that she has not obtained employment while abroad, but instead is simply in school.

The regulation notes that U.S. immigration and tax status are not determinative. The fact that the regulation so provides indicates that these considerations are probative.[11] In this case, the court finds this fact relevant to the question of residence. Plaintiff has maintained a "legal presence" in the country. Rather than impermissibly using these factors to infer intent, the court concludes that these facts show that Plaintiff never actually abandoned her residence, but rather continues to contribute to the community of the United States.

The applicable regulation does not take into account whether the applicant has obtained permanent resident status in another country. Though the court may consider other relevant factors, the court does not find Plaintiff's residency status in Canada relevant here.[12] The Parties agree that it is permissible for a person to have permanent resident status in two countries, and Defendant points to no law to the contrary. Considering that Plaintiff has permanent resident status and not temporary status in Canada would be to impermissibly factor in her intent.

Instead, the court looks to the facts of Plaintiff's present situation. Plaintiff has a residence in the United States. She is often not physically present at that address while she studies dentistry in Canada. Nonetheless, she maintains that address in the United States, she retains her U.S. permanent resident classification, she maintains legal tax status in the United States, and she does not work in Canada. These facts all suggest that she has not abandoned her residency in the United States, but instead is sufficiently physically present in the U.S. to justify labeling her a continuous resident, within the meaning of 8 U.S.C. § 1427(a)-(b), as clarified by 8 C.F.R. § 316.5(c)(1).

For support, Defendants also cite a 1961 case, *In re Bartkiw*, where an applicant's naturalization was rescinded after it was revealed that she had become a permanent resident of Canada a few months before her naturalization hearing.[13] This case is

---

11. The author of the regulation must have realized that these factors could persuade a fact finder of a person's residence, and therefore felt compelled to note that they should not be determinative. In other words, If the factors were not probative, there would be no reason to state that they are not determinative.

12. *See Rosario v. INS*, 962 F.2d 220, 224 (2d Cir.1992) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile.").

13. 199 F.Supp. 762 (E.D.Pa.1961).

distinguished as there is no indication that Bartkiw maintained a home in the United States. Rather, she went to live with her husband in Canada, and simply relied on a professed intent to remain a resident of the United States.[14]

Another important distinction from *Bartkiw* is illustrative. In *Bartkiw,* the INS granted naturalization based on incorrect information, not knowing about Bartkiw's relocation to Canada. The court allowed the INS's petition to revoke. Here, USCIS has failed to adjudicate Plaintiff's petition in a timely matter and is divested of jurisdiction. This court, therefore, is the fact finder which must decide the question of residence in the first instance. At oral arguments, the Parties agreed that this case presented the novel legal question of whether an applicant's move to pursue an educational degree while a naturalization application is pending would constitute grounds for rejecting her application. The answer to this question is that it depends on the facts. The court's ruling in this case does not establish the legal proposition that an applicant who moves to another country for school remains a continuous resident of the United States. Rather, the court applied the factors spelled out in the regulation, arriving at the factual conclusion that, in this case, Plaintiff has not abandoned her residence in the United States.

### Conclusion

Although the definition of residency in the statute is simple, the clarifying provisions regarding individuals who have been abroad for less than a year make clear that, in this case, residency cannot be reduced to a simple test. Assessing the facts of this case, the court concludes that Plaintiff has not abandoned her U.S. residence. Accordingly, Plaintiff's *Motion for Summary Judgment* is ALLOWED. De-

fendants' *Cross–Motion for Summary Judgment* is DENIED. Defendants shall promptly naturalize Plaintiff. By September 10, 2007, Defendants shall file with this court proof that Plaintiff has been naturalized. An order will issue.